# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

WILLIAM SCOTT DAVISON and )
CARRIE L. HODGE, )
                                  )
     Plaintiffs, )
                                  )
v. )       CA 13-00157-N
                                  )
ROBERT M. LEFEVER and OMNI )
INSURANCE COMPANY, )
                                  )
     Defendants. )

## REPORT AND RECOMMENDATION

This opt-out case[1] was removed from the Circuit Court of Mobile County, Alabama on March 29, 2013.[2]   (*See* Doc. 1)   On July 11, 2013, the plaintiffs filed a motion to remand (Doc. 11), in which they assert, "the amount in controversy in the above styled matter, including compensatory and punitive damages, does not exceed $74,999.99."   *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)[; however, i]f at

---

[1]     The plaintiffs and Defendant Omni filed a written consent to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 6) on April 16, 2013.   Because Defendant Lefever, yet to be served at the time the consent was filed, did not consent, obviously, the April 16, 2013 filing was stricken, and the parties were ordered to e-file a proposed summons as to Lefever no later than July 11, 2013; in turn, the express written consent deadline was reset to ten days after the date Lefever responds to the complaint.   (Doc. 10.)   The Court issued summons as to Lefever on July 12, 2013.   (*See* Doc. 15.)   As of entry of this report and recommendation, he has not responded to the complaint.   However, because, as explained herein, the undersigned has determined that the Court lacks subject matter jurisdiction, Lefever's position as to remand is not relevant.

[2]     Omni is the removing defendant, but Lefever filed a joinder in removal (*see* Doc. 1-3).

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .").  That motion is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 for entry of a report and recommendation.[3]

And, for the reasons set forth below, it is **RECOMMENDED** that the motion to remand be **GRANTED**, and that this matter be **REMANDED** to Mobile County Circuit Court.

## I.      Background

The state-court complaint, which asserts no federal question, fails to specify the amount of damages being sought.  (*See* Doc. 1-1 at 9-15.)  In such circumstances, a removing defendant—who must establish the propriety of removal under § 1441 and, therefore, "bears the burden of establishing the existence of federal jurisdiction[,]" *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690, at *1 (S.D. Ala. Mar. 15, 2007) (citing *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)), which requires a showing that the amount in controversy more likely than not exceeds $75,000—"must prove by a preponderance of the evidence that the amount in controversy more likely than not

---

[3]      In this Court, motions to remand are considered case dispositive pursuant to 28 U.S.C. § 636(b)(1) and Rule 72.  Accordingly, in non-consent cases, Magistrate Judges make recommendations to the District Judge as to whether a case should be remanded. Although this case is on the undersigned's opt-out docket, and even though two of the three parties have expressly consented, pursuant to 28 U.S.C. § 636(c), out of an abundance of caution, this motion to remand is addressed through a report and recommendation instead of through an order.  *Cf. Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1350-51 (11th Cir. 2007) (finding that an ***extended period*** "of continual participation in pretrial proceedings justifies the inference of consent from a litigant aware of the need to consent").

exceeds the jurisdictional requirement." *Pate v. State Farm Mut. Auto. Ins. Co.*, No. 3:10cv223/MCR/EMT, 2010 WL 3372195, at *1 (N.D. Fla. Aug. 25, 2010); *accord Fitzgerald v. Besam Automated Entrance Sys.*, 282 F. Supp. 2d 1309, 1314 (S.D. Ala. 2003) ("When the state court complaint is indeterminate, then an intermediate burden[—preponderance of the evidence—]is placed upon the removing defendant since there is no representation by plaintiff's counsel that would be entitled to deference."). (*See* Doc. 1, ¶¶ 9-14 (Omni's explanation as to how the amount in controversy exceeds the jurisdictional minimum).)

Shortly after filing their meager motion to remand, the plaintiffs filed an "Affidavit as to the Amount in Controversy" (Doc. 16), which in substantive part provides,

> Plaintiffs, and their undersigned counsel, irrevocably stipulate that the total amount in controversy for this case for all claims of both Plaintiffs, collectively and in the aggregate, is less than $75,000, exclusive of interests and costs, and agree that this stipulation is being made in exchange for Defendants consenting to the remand of this case to State Court. If remanded, Plaintiffs and their attorney agree that they, together, collectively, jointly, and/or individually, will never demand in the aggregate more than $74,999.99, exclusive of interest and cost; will never in the aggregate ask for more than said amount; and will never in the aggregate accept from Defendant more than said amount. Plaintiffs and their attorney agree that in the event that a jury awards Plaintiffs in the aggregate, either collectively, jointly, and/or individually, more than $74,999.99, exclusive of interest and costs, Plaintiffs will immediately satisfy said judgment upon Defendants paying to Plaintiffs the gross total amount of $74,999.99. Plaintiffs agree and stipulate that this stipulation is not admissible in evidence and shall not under any circumstances be made known to the jury, whether expressly or by implication or reference. Plaintiffs also consent to the Court entering an order which prohibits Plaintiffs and their counsel from ever demanding or requesting in this case an

3

amount or amounts which exceed and/or in the aggregate exceed $74,999.99, exclusive of interest and costs.

(*Id.*, ¶ 3.)

On July 17, 2013, Omni filed a response to the remand motion in which it

consents to this case being remanded to the Circuit Court of Mobile County, Alabama on the grounds stated by Plaintiffs in their Motion to Remand and supporting affidavit (see Document 16) and would respectfully request that Plaintiffs, individually and collectively, and their counsel be ordered by this Court to never ask for more or accept more than $74,999.99 in the aggregate, exclusive of interest and costs, consistent with what Plaintiffs and their counsel agreed to in the affidavit which they submitted in support of their Motion to Remand. (See Document 16).

(Doc. 17.)

## II.    Analysis

In determining its subject-matter jurisdiction, this Court is not concerned with the plaintiffs' present or future intentions; the critical point in time is, instead, when the case was removed.   *See, e.g., Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction"); *compare Exum v. State Farm Fire & Cas. Co.*, 821 F. Supp. 2d 1285, 1294 (M.D. Ala. 2011) (rejecting plaintiffs' affidavit "wherein they agree to stipulate that they will enter into an irrevocable agreement to limit the damages they seek in this action to $74,000," noting that "[s]uch a stipulation does not support remand because it has no bearing

4

on the salient issue, namely, the amount in controversy at the time the suit was filed and removed") (citations omitted) *and id.* (further noting that "[w]hile post-removal evidence is permissible, 'the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time[,]'" or, "[p]ut another way, the court may consider information submitted after the case has been removed only if it informs its determination of whether subject matter jurisdiction existed at the time of removal" (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000))), *with Wallace v. Kentucky Fried Chicken*, Civil Action No. 08-248-KD-B, 2008 WL 4531773, at *6 (S.D. Ala. Oct. 9, 2008) (DuBose, J.) ("While Plaintiff did not specify any damage amount in his original Complaint, he stipulated—pre-removal—that he was not seeking damages in excess of $75,000.   This is confirmed by Defendant's own attachment of a May 8, 2008 e-mail from Plaintiff's counsel to Defendant's counsel, to the removal notice.   Even with the restrictions of *Poore*[4] and *St. Paul*,[5] this case is distinguishable.   The holdings in those cases focused on post-removal events to reduce the damages initially sought in the original complaint, to a damage amount below the jurisdictional threshold, in an attempt to circumvent the court's jurisdiction.   Plaintiff has consistently stated that he seeks less than the

---

[4]      *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-1291 (11th Cir. 2000), *implied overruling (on other grounds) recognized by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640 (11th Cir. 2007).

[5]      *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

jurisdictional amount.   In this sense, there has been no reduction, nor attempt at reduction, of an original damage amount." (footnotes added)).

Thus, the undersigned is not concerned with the majority of the plaintiffs' stipulation.   (*See, e.g.,* Doc. 16, ¶ 3 ("***If remanded***, Plaintiffs and their attorney agree that they, together, collectively, jointly, and/or individually, ***will*** never demand in the aggregate more than $74,999.99, exclusive of interest and cost; ***will*** never in the aggregate ask for more than said amount; and ***will*** never in the aggregate accept from Defendant more than said amount.   Plaintiffs and their attorney agree that ***in the event that*** a jury awards Plaintiffs in the aggregate, either collectively, jointly, and/or individually, more than $74,999.99, exclusive of interest and costs, Plaintiffs ***will*** immediately satisfy said judgment upon Defendants paying to Plaintiffs the gross total amount of $74,999.99. . . ." (emphasis added)).)

That said, it is not true that "post-removal facts must ***never*** be considered in evaluating removal jurisdiction. Rather, the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal."   *Land Clearing Co., LLC v. Navistar, Inc.*, Civil Action No. 11–0645–WS–M, 2012 WL 206171, at *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.) (emphasis in original) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772-73 (11th Cir. 2010); *Sierminski*, 216 F.3d at 949).

Here, fortunately for purposes of remand, the jurisdictional amount was ambiguous on the face of complaint filed in state court, and the plaintiffs' affidavit

sheds some light on their thinking at the time they filed their complaint.   The first sentence begins, "Plaintiffs, and their undersigned counsel, irrevocably stipulate that the total amount in controversy for this case for all claims of both Plaintiffs, collectively and in the aggregate, is less than $75,000, exclusive of interests and costs . . . ."   As such, this sentence is properly viewed as a "clarification."   *See Tolbert v. K-Mart*, No. CA 06-0864-C, 2007 WL 778461, at *1 (S.D. Ala. Mar. 8, 2007) (Cassady, M.J.) ("[D]istrict courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as a clarification permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938), rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul*." (citing cases)); *Land Clearing Co.*, 2012 WL 206171, at *3 ("'[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal.'   Thus, if a plaintiff comes forward after removal and clarifies (as opposed to altering) facts bearing on the amount in controversy, courts in this Circuit routinely accept such evidence in determining whether § 1332 jurisdiction existed at the moment of removal." (quoting *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009))); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("We have considered a post-removal affidavit when the jurisdictional amount was ambiguous on the face of the state petition.   In doing so, however, we explained that the affidavit helped clarify the jurisdictional facts "***as of the time of removal***." (internal citation and quotation marks omitted; emphasis in

original)); *St. Augustine High School, Inc. v. Applewhite*, Civil Action Nos. 11–1379, 11–1089, 2011 WL 3423942, at *3 (E.D. La. Aug. 5, 2011) ("Post-removal affidavits or affidavits may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.") (citations omitted); *accord Brantley v. Bassett*, No. CA 2:11–591–CG–C, 2011 WL 6288119, at *1-2 (S.D. Ala. Nov. 29, 2011), *report and recommendation adopted*, 2011 WL 6260652 (S.D. Ala. Dec. 15, 2011).

### III.   Conclusion

Because the plaintiffs have provided the Court evidence that the sum demanded in their complaint did not meet the jurisdictional minimum "at the time the suit was filed and removed," *Exum*, 821 F. Supp. 2d at 1294, the undersigned **RECOMMENDS** that the motion to remand (Doc. 11) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Mobile County, Alabama.[6]

---

[6]      As to the request for an order prohibiting the plaintiffs and their counsel from ever demanding or requesting in this case an amount exceeding $74,999.99, exclusive of interest and costs, in the aggregate, the undersigned directs the parties to the following admonition, provided by Magistrate Judge Cassady, and based on warnings provided by Judges Butler and Steele,

The Court . . . caution[s] Plaintiff, just as [this Court did] in *Brown v. Kabco Builders, Inc.*, Civil Action 07-0099-WS-C, 2007 WL 841690 (S.D. Ala. Mar. 15, 2007), and *Matthews v. Fleetwood Homes of Georgia*, 92 F. Supp. 2d 1285 (S.D. Ala. 2000) . . . .   *See* 2007 WL 841690, at *5 n.9; 92 F. Supp. 2d at 1289. If Plaintiff[s] later amend[ their] complaint "to seek damages in excess of [the] jurisdictional threshold, suggesting that [they were] engaging in manipulative forum-shopping chicanery, [this Court will] not hesitate to impose 'swift' and 'painful' sanctions upon application."   2007 WL 841690, at *5 n.9 (citing *Matthews*, 92 F. Supp. 2d at 1289; *Federated Mut. Ins. Co. v. McKinnon*

## IV.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of July, 2013.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

*Motors, LLC*, 329 F.3d 805, 808 & n.6 (11th Cir. 2003) (observing that plaintiff's counsel are officers of the court and subject to Rule 11 sanctions for making representations for improper purposes, and that motions for sanctions may be initiated and decided even after underlying case has been resolved and is no longer pending); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (presuming that plaintiff's counsel recognizes that representations regarding amount in controversy "have important legal consequences and, therefore, raise significant ethical implications for a court officer")).

*Banks v. Social Serv. Coordinators, Inc.*, No. CA 10–0461–C, 2010 WL 3947041, at *4 n.1 (S.D. Ala. Oct. 6, 2010) (internal citation modified).